## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CRISTIAN HUAMAN,

     Plaintiff,

v.                              CASE NO.: 24-CV-1692

ROCKET MORTGAGE, LLC,
a Foreign for Profit Corporation,      **JURY TRIAL DEMANDED**

     Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CRISTIAN HUAMAN ("Plaintiff") through undersigned counsel, and sues Defendant, ROCKET MORTGAGE, LLC ("Defendant"), and in support states as follows:

### Jurisdiction and Venue

1.    This is an action for damages by Plaintiff, against his former employer for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA") for unpaid overtime wages.

2.    This Court has jurisdiction over Plaintiff's FLSA claims, pursuant to 28 U.S.C. § 1331. All acts or omissions giving rise to this dispute accrued in Osceola County, Florida.

3.     Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiff's claims, Defendant conducted substantial, continuous, and systematic commercial activities in this district.

## Parties and Factual Allegations

4.     Plaintiff is an individual sui juris resident of, and is domiciled in, Osceola County, Florida.

5.     Defendant, ROCKET MORTGAGE, LLC, a Foreign Limited Liability Company, operates a business located in, among other locations, Osceola County, Florida and in other counties within Florida.

6.     Plaintiff was employed by Defendant from in or around March 2022 until June 11, 2023.

7.     Plaintiff was paid on an hourly (FLSA non-exempt) basis and held the title of "Mortgage Banker."

8.     For each pay period Plaintiff worked over forty (40) hours, Plaintiff was paid amounts titled "Salary Adjust", "Salary Adjust OT", and "Overtime."

9.     Plaintiff did not have a clear and mutual understanding of the purpose or method of calculating paystub line items called "Salary Adjust", "Salary Adjust OT", and "Overtime."

10.     Once a month, Plaintiff was paid commissions, monthly incentive pay, contest pay, and award gifts.

11.     Amounts paid to Plaintiff for commissions and monthly incentive pay were always based upon the number of loans Plaintiff was able to get approved or closed.

12.     These "Monthly Sales Incentive" payments changed regularly throughout Plaintiff's employment.

13.     In addition, once a month, Plaintiff was paid an additional amount for "Retro OT."

14.     The "Retro OT" pay was not calculated by adding up the amount of commissions, monthly incentive pay, or other award compensation that was attributable to a given workweek plus the regular rate for all hours worked, divided by the number of hours worked and then multiplied by 1.5, then multiplied by the number of overtime hours.

15.     As a result, Plaintiff was only paid some of his overtime and underpaid the correct amount of overtime pay.

16.     In addition, at all times, Plaintiff was required to be on-call twenty-four (24) hours a day, seven (7) days per week.

17.     Plaintiff was instructed by his supervisors that he was required to promptly respond to emails and telephone calls on weekends and weeknights.

18.     If Plaintiff failed to timely respond to emails and telephone calls after normal business hours during the week and on weekends, he could be subjected to negative comments from supervisors and be disciplined up to and including termination.

19.     Plaintiff was instructed by management to refrain from engaging in activities that would prevent him from being able to promptly responding to emails or phone call on nights and weekends.

20.     Plaintiff was not compensated for all overtime hours worked responding to emails or telephone calls on weeknights or weekends.

21.     Defendant was aware Plaintiff was responding to emails and taking phone calls on weeknights and weekends and Plaintiff was not being compensated for working these additional overtime hours.

22.     At all times relevant, Defendant failed to properly pay Plaintiff for all overtime hours, and failed to properly incorporate the commissions, incentives, awards, and additional compensation paid to Plaintiff in each pay period in determining Plaintiff's rate of pay for calculation of FLSA overtime owed.

23.     Defendant was aware Plaintiff routinely exceeded forty (40) work hours per workweek.

24.     Defendant wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

25.     Defendant's failure and refusal to compensate Plaintiff at the rates and amounts required by the FLSA was willful.

26.     Plaintiff routinely worked in excess of forty (40) hours per workweek.

27.     Plaintiff was an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

28.     Plaintiff was "non-exempt" and not subject to any exemption under the FLSA.

29.     During the relevant time, Defendant was an enterprise engaged in interstate commerce with annual gross revenue of $500,000.00 or more.

30.     Defendant is an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

31.     At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff and exercised control over the wages, hours, and working conditions of Plaintiff.

32.     On a frequent basis throughout Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours per week but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times his regular rate of pay.

33.     At all relevant times, Plaintiff worked in excess of forty (40) hours per week, Defendant was aware of and suffered or permitted the same.

34.    Plaintiff sustained damages from Defendant's failure to pay compensation for all hours worked during his employment.

35.    Plaintiff retained LYTLE & BARSZCZ, P.A. to represent him in this matter and agreed to pay said firm attorneys' fees and costs for prosecuting his claims herein.

## COUNT I

## Violation of the Overtime Provisions of the Fair Labor Standards Act

36.    Plaintiff repeats and incorporates by reference all prior allegations, as if fully set forth herein.

37.    Plaintiff was a "non-exempt" hourly employee and as such was not exempt under any exemption pursuant to 29 U.S.C. § 213.

38.    During the relevant statutory period, Plaintiff regularly worked in excess of forty (40) hours per workweek.

39.    Defendant failed to pay Plaintiff one-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in each individual work week.

40.    Defendant also failed to properly calculate Plaintiff's overtime rate and pay the proper overtime rate.

41.    Defendant was aware of Plaintiff working overtime and knew or should have known Plaintiff was not getting properly compensated for all hours worked

pursuant to the FLSA and was not being properly compensated the proper overtime rate.

42.    Defendant willfully failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), even though Plaintiff was entitled to overtime compensation.

43.    As a result of Defendant's violations of the FLSA, Plaintiff suffered damages.

44.    Plaintiff retained LYTLE & BARSZCZ, P.A. to represent him in this matter and agreed to pay said firm attorneys' fees and costs for prosecuting his claims herein.

**WHEREFORE** Plaintiff demands judgment against Defendant for the following:

a.  Unpaid overtime proven to be due and owing;

b.  An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

c.  Pre- and post-judgment interest as allowed by law;

d.  Attorneys' fees and costs; and

e.  Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

7

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on the 16th  day of September 2024.

_____
**David V. Barszcz, Esquire**
Florida Bar No.: 0750581
**Mary E. Lytle, Esquire**
Florida Bar No.: 0007950
**LYTLE & BARSZCZ, P.A.**
533 Versailles Drive, Suite 100
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**